Filed 7/24/24  Chamberlain v. Fern CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DAVID T. CHAMBERLAIN et al., | |
| Plaintiffs and Appellants, | G062316 |
| v. | (Super. Ct. No. 30-2015-00826601) |
| MARTIN D. FERN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.  Appellants' motion for judicial notice is granted in part and denied in part.  Respondents' request for judicial notice is granted in part and denied in part.

Garcia Rainey Blank & Bowerbank, Norma V. Garcia, Jeffrey M. Blank; Law Office of Gregory S. Page and Gregory S. Page for Plaintiffs and Appellants.

Greines, Martin, Stein & Richland, Robin Meadow and Anne Guidroz for Defendants and Respondents.

* * *

INTRODUCTION

David T. and Linda Chamberlain (the Chamberlains) appeal from the order granting the motion of Martin D. Fern, Linda Taylor-Fern, and First Realm, LLC,[1] to dismiss the Chamberlains' complaint pursuant to Code of Civil Procedure section 583.310.[2] The trial court found the Chamberlains had failed to bring the action to trial within five years as required by section 583.310. We reverse because in calculating those five years, the trial court did not exclude all periods of time in which bringing the action to trial was impossible, impracticable, or futile within the meaning of section 583.340, subdivision (c).

The trial court should have excluded the period of time from March 17, 2020 through August 18, 2021 in calculating when the five years in which to bring the action to trial expired. The Chamberlains filed their complaint on December 22, 2015. On February 18, 2020, counsel for the Chamberlains and counsel for defendants appeared before Judge Linda S. Marks,[3] and answered ready for trial. Boxes of exhibits were brought to the

---

[1] We refer to Martin D. Fern and Linda Taylor-Fern together as the Ferns. First Realm, LLC (First Realm) is not a party to this appeal.

[2] Statutory references are to the Code of Civil Procedure unless otherwise stated.

[3] We depart from tradition and judicial etiquette by sometimes using each judge's name, rather than the term "the court," when necessary to distinguish between the three judges successively assigned to this case.

2

courtroom. Some 40 pretrial motions were argued on March 4 and 5 and ruled on by Judge Marks, who ordered the parties to return on March 17 for jury selection.

Then the COVID-19 pandemic struck. Nearly every facet of life was upended. The Superior Court of Orange County (Superior Court) closed on March 17 and soon thereafter all jury trials statewide were suspended for 60 days. In July 2020, Judge Marks told the parties she did not know when the trial might resume. In bankruptcy court filings in September 2020 and April and August 2021, counsel for the Ferns admitted the jury trial in this matter had been placed on hold indefinitely. In June 2021, Judge Marks recused herself and was not replaced until August 18, when Judge Gregory H. Lewis was assigned to this case.

Those circumstances made it impossible, impracticable, or futile to bring this action to trial from March 17, 2020 through at least August 18, 2021. When that time period is excluded, the five years in which to bring the action to trial ended on May 25, 2022. California Rules of Court, emergency rule 10(a) extended the time by six months—to November 25, 2022. (Cal. Rules of Court, appen. I, emergency rule 10(a); Emergency Rule 10(a).) When retired Judge Ronald L. Bauer granted the Ferns' motion to dismiss in May 2022, the Chamberlains still had six more months in which to bring the action to trial or, more accurately, to resume where the proceedings had left off on March 5, 2020.

The Chamberlains have brought a motion for judicial notice of 29 items, marked as exhibits Nos. 3 through 5, 48, 50 through 54, 56 through 61, 64 through 68, 70 through 75, 86, 87, and 89. The Ferns oppose the Chamberlains' motion for judicial notice (except for exhibits 54, 61, and 68)

3

and have brought their own request for judicial notice of four items, marked as exhibits A, B, C, and D.

We grant the Chamberlains' motion as to exhibits Nos. 48, 50, 51, 52, 53, 54, 57, 58, 60, 61, 64, 65, 66, 67, 68, 71, and 87. We deny the motion as to exhibits Nos. 3, 4, 5, 56, 59, 70, 72, 73, 74, 75, 86, and 89. We grant the Ferns' request for judicial notice as to exhibits A, B, and C, and deny the request as to exhibit D.

## FACTS

I. *The Parties and Counsel Appear Ready for Trial in February 2020*

December 22, 2015 is the starting date for calculating the five years in which to bring this action to trial: On that date, the Chamberlains filed their complaint against defendants. The complaint asserted causes of action for breach of oral contract, breach of implied in fact contract, fraud, constructive trust, common counts, and other causes of action arising out of a failed joint venture between the Chamberlains and the Ferns.

Defendants answered the complaint, and in October 2017, the Ferns filed a cross-complaint against the Chamberlains.

The case was diligently and vigorously litigated. A jury trial was set for January 6, 2020, before Judge Marks. Estimated time for trial was five to six weeks.

Trial was continued (apparently by the court) to February 18, 2020. On January 13, the parties filed a statement of stipulated facts, a statement of controverted issues, and a witness list. On January 14, the parties filed a total of 39 motions in limine and a motion to bifurcate trial.

On February 18, 2020, the date set for trial, counsel appeared before Judge Marks and answered ready for trial. Boxes containing trial

4

exhibits were brought to the courtroom.  After reviewing trial procedures and schedule, Judge Marks ordered a recess and ordered everyone to return on February 25.  While in chambers, Judge Marks told counsel they were "engaged in trial" and admonished them not to engage in any other trials.

On February 25, 2020, counsel appeared before Judge Marks, who announced: "The case comes before the court this morning.  It is set for trial.  [T]he plan is to conduct our jury selection starting March 17, 2020, and follow the Court's schedule, which is on Tuesday, Wednesday, Thursday trial days."  The parties had filed a total of 39 motions in limine, and the Chamberlains had brought a motion to bifurcate trial between legal and equitable claims.  Judge Marks heard argument on all those motions on February 25, March 4, and March 5.  Judge Marks granted some and denied other motions in limine and denied the motion to bifurcate.  After extended argument, Judge Marks granted a motion to bifurcate liability from damages.

Before ordering a recess on March 5, Judge Marks announced: "I have ordered counsel to return on the 17th at 9:30 a.m. for trial.  I would like the jury verdict forms and special . . . jury instructions to be provided to the court by the Friday before you return on the 17th, and in addition to, the court is anticipating telling the jury that this case will start on the 18th of March and conclude by the 23rd of April . . . ."  The register of actions reflects proposed jury instructions were submitted by the Chamberlains on March 12, 2020 proposed verdict forms were submitted the next day.

II. *Court Closure Due to COVID-19*

On March 16, 2020, the Superior Court issued a news release stating that in response to the COVID-19 outbreak the court would be closed at all locations from March 17 through March 27, 2020.  On March 17, 2020,

5

in response to the outbreak, Judge Marks issued a minute order stating: "Due to COVID-19 outbreak, the Court makes a finding of good cause and orders this matter continued as follows: [¶] Pursuant to Government Code [section] 68115 this trial will be set out for a future date. [¶] An interim Status Conference is scheduled for 04/01/2020 at 10:00 AM in Department C10. [¶] Counsel are to meet and confer regarding a new trial date and be prepared to discuss at the Status Conference." The boxes of exhibits remained in Judge Marks's courtroom until December 2021.

On March 23, 2020, the Chief Justice of California issued a statewide order suspending jury trials for 60 days due to the COVID-19 pandemic.

On April 2, 2020, the Superior Court issued administrative order No. 20/11 establishing the procedures to determine whether good cause existed to conduct a jury trial during the 60-day suspension of trials.

The parties were informed that trial would resume on April 1, 2020. Then, trial was suspended, and a status conference was set for April 1, 2020, in place of trial. Another status conference was scheduled for July 6, 2020.

On April 6, 2020, Emergency Rule 10(a) became effective. Emergency Rule 10(a) extended the time in which to bring an action to trial by six months.

On April 24, 2020, the Superior Court issued a press release announcing the court would be closed through at least May 22, 2020, with a few exceptions, and stating, "There is no date certain for when the Court will reopen to the public."

On May 21, 2020, the Superior Court announced a partial reopening for limited services. It was announced, "'We will be resuming four

6

*criminal* trials that were suspended due to the Court closure and we hope to commence additional *criminal* jury trials in early June.'" (Italics added.)

On June 9, 2020, the Superior Court issued administrative order No. 20/18 reestablishing "a procedure for determining priority for jury trials among noncriminal case types . . . ." (Super. Ct. Orange County, Admin. Order No. 20/18 (June 9, 2020).) The trial judge would make the initial determination whether there was good cause for a jury trial to resume or commence in civil cases. (*Ibid.*)

The status conference before Judge Marks went forward as scheduled on July 6, 2020. Judge Marks stated it was unclear when trial would resume as it was a long cause matter, but counsel would receive updates. Judge Marks set another status conference for September 21, 2020, but on September 10 the court took that status conference off calendar.

On October 8, 2020, the Ferns substituted in new counsel. The Chamberlains' counsel did not oppose the substitution.

On December 11, 2020, the Superior Court announced the suspension of all new civil and probate in-person court trials and jury trials through January 29, 2021, due to a dramatic increase in COVID-19 cases.

III.  *Representations Made by the Ferns' Bankruptcy Counsel*

In April of 2017, David Chamberlain had filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court, Central District of California. In a joint status report filed in the bankruptcy court on September 18, 2020, the Ferns' counsel made the following representation about the present case: "The Superior Court has temporarily put all future hearings on hold due to COVID19. The jury trial, which was previously expected to begin on March 17, 2020, *has been put on hold indefinitely*

7

pending the Superior Court restarting civil jury trials in light of COVID19."[4] (Italics added.)

In a joint status report filed on April 8, 2021, in the bankruptcy court, the Ferns' counsel again represented to the court that "[t]he jury trial has been put on hold in light of COVID19." The Ferns' counsel also reported: "The Superior Court previously issued an administrative order that no new civil jury trials would be conducted at the end of 2020 and into early 2021[.] Attached as Exhibit A is a copy of that administrative order. The Parties understand that the Superior Court has since allowed certain short civil jury trials to proceed. The Parties are in the process of securing a Zoom status conference with the Superior Court to discuss the action and a jury trial previously estimated to take 5 to 6 weeks."

In a joint status report, filed on August 5, 2021, in the bankruptcy court, the Ferns' counsel again represented to the court that "[t]he jury trial has been put on hold in light of COVID19." The Ferns' counsel also reported: "The Parties secured a status conference with the Superior Court—scheduled to take place on June 18, 2021—to discuss the action and a jury trial previously estimated to take 5 to 6 weeks."

IV. *Judge Marks Recuses Herself*

On May 5, 2021, the Superior Court sent notice to the parties that a status conference had been scheduled for hearing on June 18, 2021.

---

[4] The Ferns' counsel made the same representation in a January 6, 2021 joint status report submitted to the bankruptcy court. The Chamberlains did not present the January 6, 2021 joint status report in opposition to the Ferns' motion to dismiss, and we deny the Chamberlains' motion to take judicial notice of it.

8

On June 17, 2021, the day before the status conference was to be held, Judge Marks recused herself. The status conference was vacated. In the August 5, 2021 joint status report presented to the bankruptcy court, the Ferns' counsel reported: "The Parties secured a status conference with the Superior Court—scheduled to take place on June 18, 2021—to discuss the action and a jury trial previously estimated to take 5 to 6 weeks. The day before the conference was to take place, the Court issued an order in which . . . Judge Linda S. Marks recused herself from the matter and vacated the status conference. . . . The Parties await the Orange County Superior Court's judge reassignment. The Parties do not currently have a trial date from the Superior Court but will update the bankruptcy court once they have one."

On August 18, 2021, the case was reassigned to Judge Gregory H. Lewis.

V. *Defendants' Motion to Dismiss*

On January 4, 2022, the Superior Court announced it had implemented a policy regarding remote appearances "which will enable the Court to remain open in light of the recent COVID-19 surge of the Omicron Variant." It was also announced: "[T]he Court will be scaling back the number of jurors reporting at any one time, at least through the month of January. To the extent possible, seating capacity in courtrooms may also be limited to allow jurors to sit sufficiently spaced during jury duty."

On February 23, 2022, the Chamberlains' counsel filed a request to schedule a status conference in order to set a date to resume trial.

On March 28, 2022, defendants brought a motion to dismiss for failure to bring the matter to trial within five years as required by section

9

583.310.  Defendants asserted the six-month extension of Emergency Rule 10(a) did not cure the Chamberlains' failure to bring the matter to trial within the time required.

The Chamberlains filed opposition to the motion to dismiss.  In support of their opposition, the Chamberlains submitted, among other things, lengthy declarations from their trial counsel, a copy of the court docket, and authenticated copies of the status reports filed in the bankruptcy court on September 18, 2020, April 8, 2020, and August 5, 2021.

The motion to dismiss was heard on May 23, 2022, by retired Judge Ronald L. Bauer.  At the close of the hearing, Judge Bauer granted the motion.  Judge Bauer found that trial had not yet begun and, while acknowledging the six-month extension of Emergency Rule 10(a), found the Chamberlains were entitled at most to 88 days of tolling and therefore had failed to bring the case to trial within five years and six months.

The order was entered in the court minutes on May 25, 2022, and defendants served a notice of ruling that day.  A written order granting defendants' motion to dismiss was filed on May 27, 2022.

In July 2022, the Chamberlains filed a notice of appeal from the order of dismissal.  However, the Ferns' cross-complaint was not dismissed when the court dismissed the Chamberlains' complaint, so that order was not yet appealable as to the Ferns.  The order was appealable as to First Realm. The Chamberlains dismissed their appeal in September 2022.

The Ferns dismissed their cross-complaint in December 2022. The Chamberlains filed a new notice of appeal in February 2023.  By then, the time had passed to appeal from the dismissal of the claims against First Realm.

10

DISCUSSION

I. *Collateral Estoppel Does Not Bar This Appeal*

Before turning to the issue of calculating time to bring the action to trial, we address the Ferns' argument that collateral estoppel bars the Chamberlains' appeal. The Ferns argue the Chamberlains' dismissal of their initial appeal rendered the judgment of dismissal in favor of First Realm to be final and preclusive of the issues in the present appeal.

Collateral estoppel or issue preclusion bars "relitigation of issues argued and decided in prior proceedings." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Issue preclusion applies only: "'(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party.'" (*Samara v. Matar* (2018) 5 Cal.5th 322, 327.) But "'an appeal "is not a separate proceeding and has no independent existence" [citation]; it is merely the continuation of an action.'" (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 969.) Because an appeal is a continuation of a lawsuit rather than a second lawsuit, dismissal of an appeal as to one party can have no preclusive effect on an appeal as to another party. (*State of California ex rel. Rapier v. Encino Hospital Medical Center* (2022) 87 Cal.App.5th 811, 828 (*Rapier*).)

*Rapier* is on point. In *Rapier*, the plaintiffs appealed from an adverse judgment in favor of two groups of defendants. (*Rapier, supra*, 87 Cal.App.5th at p. 827.) After the plaintiffs filed their opening briefs, they settled their case against the first group of defendants and dismissed the appeal as to them. (*Id.* at pp. 827-828.) The second group of defendants then argued that pursuant to collateral estoppel, the dismissal of the appeal as to the first group of defendants was dispositive of all claims on appeals as to the

11

second group. (*Id*. at p. 828.) The Court of Appeal handily rejected that argument with these words: "No authority of which we have been made aware applies the doctrine of collateral estoppel to different parties in the same proceeding. If finality as to one party in a proceeding forestalled the appellate rights of another party, all appeals would have to be all-or-nothing affairs where all losing parties appeal or none do. That has never been the law." (*Ibid*.) We agree.

II. *The Trial Court Erred by Granting the Motion to Dismiss*

A. Guiding Legal Principles and Standard of Review

"An action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) If this deadline is not met, the action must "be dismissed by the court on its own motion or on a motion by the defendant." (§ 583.360, subd. (a).)

One five-year period totals 1,825 days. (*State of California ex rel. Sills v. Gharib-Danesh* (2023) 88 Cal.App.5th 824, 847; see Gov. Code, § 6803 ["'Year' means a period of 365 days"].) For civil actions filed on or before April 6, 2020, Emergency Rule 10(a) extends the time in which to bring the action to trial by six months.

Some periods of time are excluded from the five years in which an action must be brought to trial. Section 583.340 provides, as is relevant here: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:" "Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (*Id*., subd. (c).) "In deciding whether these exceptions are met, the court must consider "'all the circumstances in the individual case, including the acts and conduct of the

parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.""" (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100 (*Gaines*).)

Section 583.130, in reciting state policy, states, "the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal . . . ." (*Ibid.*) Consistent with that policy, subdivision (c) of section 583.340 "'must be interpreted liberally, consistent with the policy favoring trial on the merits.'" (*Gaines, supra*, 62 Cal.4th at p. 1103.)

"A trial court's dismissal of an action for failure to prosecute under section 583.310 is generally reviewed for abuse of discretion. [Citation.] However, proper interpretation of statutes and court rules are issues of law, and in such instances we review the trial court's decision de novo." (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1123 (*Barron*).) The trial court's decision whether to exclude time for impossibility, impracticality, or futility is also reviewed for abuse of discretion. (*Gaines, supra*, 62 Cal.4th at p. 1100.) "Under that standard, '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.'" (*Ibid.*)

### B. Emergency Rule 10(a) Extended the Time for the Chamberlains to Bring This Action to Trial by Six Months

Acting on the authority granted by the Governor (*Barron, supra*, 97 Cal.App.5th at p. 1123), the Judicial Council issued Emergency Rule 10(a)

13

on April 6, 2020, which states: "Notwithstanding any other law, including . . . section 583.310, for all civil actions filed on or before April 6, 2020, the time in which to bring the action to trial is extended by six months for a total time of five years and six months." (Emergency rule 10(a).) Emergency Rule 10(a) remained in effect until June 30, 2022. (Cal. Rules of Court, appen. I, emergency rule 10(c).)

The Ferns argue that six months is the total amount of tolling a plaintiff can receive for impossibility, impracticability or futility based on COVID-19. They assert, "Emergency Rule 10(a) more than accounted for the periods during which trials were not held" (boldface omitted) and "[b]y enacting Rule 10(a), the Judicial Council more than addressed the impact of Covid-19." The Chamberlains argue they can aggregate tolling from impossibility, impracticability, or futility due to COVID-19 with the six-month extension of Emergency Rule 10(a). In other words, the Chamberlains claim, they get six months plus the total amount of time in which it was impossible, impracticable, or futile to bring the case to trial due to COVID-19. We agree with the Chamberlains.

When interpreting Emergency Rule 10(a), our primary purpose is to ascertain and effectuate the intent of the promulgator of the rule and, to determine that intent, "'"we consider the plain, commonsense meaning of the language used, and construe the language in the context of the overall enactment."'" (*Barron, supra*, 97 Cal.App.5th at p. 1124.)

Emergency Rule 10(a) by its terms extended the time to bring an action to trial by six months. Under section 583.310, the time in which to bring an action to trial is five years after the action is commenced; however, in calculating those five years, excluded are the periods of time described in section 583.340, subdivisions (a), (b), and (c), including periods of time in

14

which bringing the action to trial was "impossible, impractical, or futile." (*Id.*, subd. (c).)  Thus, the time in which to bring an action to trial is not necessarily five years but is five years plus all periods of time in which bringing the action was tolled.  At the end of that period of time—five years plus tolling—a six-month extension of time is added by Emergency Rule 10(a).

Emergency Rule 10(a) is concise and clear.  It simply adds six months to the five-year period.  It does not address tolling at all.  Thus, all of the usual rules of tolling apply, including section 583.340.

C.  Legal Standard for Impossibility, Impracticality, or Futility

Periods in which bringing an action to trial is impossible, impractical, or futile under section 583.340 include ""[e]very period of time during which the plaintiff does not have it within his power to bring the case to trial."" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731.) "'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions.'" (*Id.* at p. 731.)  "[O]rdinary delays, even ones beyond the plaintiff's control, are already accounted for in the five-year period." (*Gaines, supra*, 62 Cal.4th at p. 1102.)

Whether it is impracticable to bring an action to trial against a particular defendant "depends on the circumstances of the particular case and 'practical realities' [citation] . . . ." (*Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 699.)

15

D. The Chamberlains Were Entitled to Tolling from March 17, 2020 to August 18, 2021

On March 5, 2020, after ruling on pretrial motions, Judge Marks ordered counsel to return on March 17 for jury trial. It is undisputed that the Superior Court was closed at all locations from March 17 through March 27, 2020 and that on March 23, 2020, the Chief Justice of California issued a statewide order suspending jury trials for 60 days. A status conference was scheduled for July 6, 2020. Thus, it was impossible to bring this case to trial between March 17 and July 6, 2020.

On July 6, 2020, Judge Marks stated it was unclear when trial would resume and counsel would receive updates.[5] Judge Marks set a status conference for September 21, 2020, which was taken off calendar on September 20, 2020. Thus, it was impossible to bring the case to trial between July 6 and September 21, 2020.

"[A] judicial admission is ordinarily *a factual allegation by one party that is admitted by the opposing party*. The factual allegation is removed from the issues in the litigation because the parties agree as to its truth."[6] (*Barsegian v. Kessler & Kessler* (2013) 215 Cal.App.4th 446, 452.) A

[5] According to the declaration of the Chamberlains' counsel, Gregory S. Page, at the July 6, 2020 status conference, "counsel were informed that there would be no trials with juries until the year 2021." The Chamberlains' cocounsel, Norma V. Garcia declared, "During this Status Conference Judge Marks communicated that it was unclear when our trial would resume as it was a long cause matter, but we would receive updates." The Ferns point out this discrepancy but produced no declaration of their own as to what was said at the July 6, 2020 status conference.

[6] We reject the Ferns' claim that the Chamberlains have waived or forfeited arguing estoppel and judicial admissions. In their memorandum of points and authorities in opposition to the motion to dismiss, the Chamberlains asserted the Ferns had admitted impossibility and

16

judicial admission may be "an attorney's concession or stipulation to facts." (*Smith v. Walter E. Heller & Co.* (1978) 82 Cal.App.3d 259, 269.) "Similar to a stipulation, a concession by counsel at trial or judicial admission eliminates the need to prove the fact at issue admitted and is binding on the client absent fraud." (*Gonzales v. City of Atwater* (2016) 6 Cal.App.5th 929, 954.)

In the joint status reports, the Ferns' counsel made these representations to the bankruptcy court: (1) from September 18, 2020 through August 5, 2021 the jury trial had been placed on hold indefinitely, (2) as of April 8, 2021 all parties understood the Superior Court was allowing only certain short trials to proceed, and (3) the present case was not a short trial but a five-to-six week jury trial. Those representations were made to a court of law and therefore constituted judicial admissions establishing the representations as facts. (See *Barsegian v. Kessler & Kessler*, *supra*, 215 Cal.App.4th at p. 452.)

By placing the trial on hold indefinitely, the trial court made it impossible or impracticable to bring the action to trial because the Chamberlains did not have it within their power to bring the action to trial.

---

impracticability of trial by their counsel's statements in the bankruptcy court status reports. At the hearing on the motion to dismiss, the Chamberlains' counsel argued the statements in the joint status reports presented in the bankruptcy court were admissions that it was impractical, impossible, or futile to bring the case to trial at any point in time in 2020 and early 2021. Counsel argued, "[T]hat is why . . . Judge Marks set her status conference . . . to resume the trial in this case on June 18, 2021." In rebuttal, the Ferns' counsel did not address that argument or claim it had not been presented in the opposition papers.

17

On June 17, 2021, Judge Marks recused herself from hearing this case. Judge Lewis was not assigned to replace her until August 18, 2021. It was impossible to bring the case to trial during that time frame. (See *Breacher v. Breacher* (1983) 141 Cal.App.3d 89, 91 ["The period a trial is held in abeyance pending assignment of another judge . . . is to be disregarded in considering a subsequent motion to dismiss under section [583.360]"].)

We use August 19, 2021, as the earliest date upon which it was no longer impossible, impracticable, or futile to bring the action to trial within the meaning of section 583.340. Yet as late as January 4, 2022, the Superior Court was proceeding "cautiously" to provide greater services and was "scaling back the number of jurors reporting at any one time . . . ."

We conclude that from March 17, 2020 through August 18, 2021 (at the earliest) it was impossible, impractical, or futile to resume where the proceedings had left off on March 5, 2020. March 17, 2020 through August 18, 2021 equates to 519 days. With no tolling, five years after December 22, 2015 (the date on which the Chamberlains filed their complaint) was December 22, 2020 (using calendar months, not 30-day months). Five hundred and nineteen days after December 22, 2020 was May 25, 2022. Under Emergency Rule 10(a), "the time in which to bring the action to trial" therefore ended on May 25, 2022. Emergency Rule 10(a) then extended that time by six months. Six calendar months after May 25, 2022 was November 25, 2022.

### E. The Chamberlains Were Reasonably Diligent

In deciding whether to apply the tolling exceptions of section 583.340, subdivision (c) to a particular situation, a ""critical factor . . . is whether the plaintiff exercised reasonable diligence in prosecuting his or her

case."'"" (*Gaines, supra*, 62 Cal.4th at p. 1100.)  The Ferns argue the Chamberlains were not diligent in bringing the action to trial.  The Ferns cite and rely upon cases remarking that a plaintiff's duty of diligence "applies 'at all stages of the proceedings,' and the level of diligence required increases as the five-year deadline approaches."  (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 336; see *Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323; *Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340.)

However, "'[u]nder Section 583.340 the time within which an action must be brought to trial is tolled for the period of the excuse, regardless whether a reasonable time remained at the end of the period of the excuse to bring the action to trial.'"  (*Gaines, supra*, 62 Cal.4th at p. 1100-1101.)  Therefore "[t]he 'all stages' phrasing . . . should not be construed to mean that a plaintiff's lack of diligence later in a case can cause the forfeiture of an earlier period of tolling to which the plaintiff was entitled due to the legitimate impossibility, impracticability, or futility of bringing the action to trial during that time."  (*Seto v. Szeto* (2022) 86 Cal.App.5th 76, 99 (*Seto*).)

As held in *Seto*, in determining whether a period of time is tolled, it is irrelevant whether a plaintiff was diligent in bringing the case to trial after the period of excluded time had ended.  (*Seto, supra*, 86 Cal.App.5th at p. 97.)  Accordingly, in the present case, the Chamberlains' diligence in bringing the case to trial after August 18, 2021 is irrelevant to whether the period from March 17, 2020 up to that date should be excluded due to impossibility, impracticality, or futility.

Diligence is a factor in determining "whether a circumstance truly made it impossible, impracticable, or futile to bring the action to trial . . . ." (*Seto*, *supra*, 86 Cal.App.5th at p. 97.) In this regard, Judge Bauer stated the Chamberlains "just don't have enough justification for their failure to bring this case to trial" and, absent such comment, we must infer the trial court impliedly found lack of diligence. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

But any finding of lack of diligence would fail as a matter of law. The COVID-19 pandemic struck the United States in March 2020. We have already gone over the court-issued public announcements, orders, rules, and court closures stemming from the COVID-19 pandemic. No amount of diligence would have brought this action to trial from March 17 (when the courts closed) through September 20, 2020 (when the Sept. 21 status conference was vacated), from December 11, 2020 through January 29, 2021 (when civil jury trials were suspended again), and from June 17 through August 18, 2021 (from Judge Mark's recusal to assignment to Judge Lewis).[7] Based on judicial admissions, it is an established fact that from September 18, 2020 through August 8, 2021, the jury trial had been placed on hold and, as of April 2021, the Superior Court was only allowing certain short jury trials to proceed. In addition, in October 2020, the Ferns substituted in new

_____

[7] In his declaration submitted in opposition to the motion to dismiss, the Chamberlains' counsel, Gregory S. Page, stated that from March 17, 2020, until Judge Marks recused herself on June 17, 2021, he called Judge Marks's clerk every month to ask when the trial might resume. Page's declaration testimony regarding contacting Judge Marks's clerk was uncontradicted. Nevertheless, "[t]he trial court determines the credibility of witnesses presenting testimony by declaration." (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 217-218.)

20

counsel, and it takes no leap of logic to conclude new counsel would not have been ready to try a five-to-six-week jury trial anytime soon.

By legal standards, the trial might not have begun, but for purposes of establishing diligence, the Chamberlains had indeed brought the action *to* trial as of March 5, 2020. They secured a trial date of January 6, 2020, trial was called on February 18, and counsel appeared and answered ready for trial on that date. Boxes filled with trial exhibits were brought to the courtroom. Judge Marks admonished counsel not to engage in any other trials. On February 25, March 4, and March 5, counsel argued 39 motions in limine and a motion to bifurcate. After ruling on the motions, Judge Marks ordered counsel to return on March 17 for a five- to six-week trial. Before March 17, the Chamberlains submitted proposed jury instructions and verdict forms. The only thing that prevented the jury trial from formally beginning on March 17, 2020, was court closure due to the COVID-19 pandemic, a worldwide calamity over which the Chamberlains had no control.

Judge Bauer granted defendants' motion to dismiss on May 23, 2022, and the order was entered in the court minutes on May 25, 2022. An order of dismissal becomes effective upon its entry in the court minutes. (§ 581d.) Thus, when the action was dismissed, the Chamberlains had six more months to bring the action to trial.

## DISPOSITION

The order of dismissal is reversed and the matter is remanded for further proceedings.  The Chamberlains are entitled to recover costs on appeal.

SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.